[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR JUDGMENT
The procedural facts which are relevant to the court's decision on the plaintiffs' motion are as follows: The complaint is in nine counts, consisting in all of ninety-three paragraphs. On January 22, 1990, the defendants filed an answer to the ninth count, the other eight counts being at that time the subject of a pending motion to dismiss. The motion to dismiss was denied by the court on April 2, 1990. On May 23, 1990, the defendants filed a complete answer to the complaint, thereby closing the pleadings. Nevertheless, on October 25, 1990, the plaintiffs filed a "Motion for Default Failure to Plead". The basis asserted by the plaintiffs was "the defendant's (sic) utter and complete failure to file any responsive pleadings in this action. Further, the defendant (sic) has failed to respond to plaintiff's (sic) June 20, 1990, request for production." (Emphasis in the original). This motion was granted by the court on October 25, 1990. On April CT Page 6475 12, 1991, the plaintiffs filed the instant motion.
Inasmuch as the pleadings were closed, the motion for default for failure to plead was obviously granted in error, most probably the result of a mix-up in the court clerk's office. There is no indication that the motion was granted as a result of the failure to comply with a discovery request, and, indeed, the plaintiffs specify that the motion was filed and granted "due to the defendants (sic) failure to plead" in their Memorandum of Law in Support of Plaintiffs' Motion for Judgment on the Complaint. So, of course, the default must be vacated as entered in error, and the plaintiffs' instant motion must be denied.
This matter should not be allowed to pass, however, without comment on the conduct of counsel for both sides. Both of them had to know that the default had been entered erroneously and should be corrected quickly and summarily. Nevertheless, they have forged ahead, bombarding the court with memoranda of law, affidavits, and charges and countercharges of ethical violations — all irrelevant to the simple issue before the court, and and enormous waste of time, effort and money. The fact that both counsel are employees of governmental agencies makes this needless litigious skirmishing all the more open, candid and professional conduct toward each other and toward the court.
The default entered against the defendants on October 25, 1990, is vacated. The plaintiffs' motion for judgment is denied. Both parties are ordered to file responses or objections to all outstanding discovery requests on or before August 15, 1991.
MALONEY, J.